Judge Buckner
delivered the opinion of the Court.
Lyon and Adams sued J. M. Cabanis- and others, in covenant, and in their declaration, named themselves as executors of the estate of-M. Hughes, deceased. They, made profert of the covenant, and described it as bearing date on the 23d day of June, 1827,. payable twelve-months after date, in notes on the bank of the commonwealth of Kentucky,, or its branches.
In assigning the breach, they averred a failure to pay the sum named in the covenant, but omitted the words,-in notes on the bank of the commonwealth of Kentucky, or its branches. The defendants in the circuit court, craved oyeron the writing- sued on, which was granted; and the covenant exhibited, bore, date on the 23d of January, 1827, and was payable to said Lyon and Adams, administrators of said Hughes, deceased'.
A demurrer to the declaration was sustained on account of the variance.
Whereupon, the plaintiffs in that court, having-obtained leave to do so, withdrew their joinder to the-demurrer and amended their declaration, by inserting-“administrators” for “executors,” and “January” for June, in describing the covenantand.' by so altering the breach assigned; as to make it correspond, with the covenant, as to the kind of money contracted to be paid.
On account of those amendments, the said defendants- moved the court for a continuance of the cause. The court overruled the motion, to which an exception was taken, and a verdict and judgment were rendered against them; to reverse which they prosecute this writ of error.
The amendments to the date of the covenant, and that in the breach assigned, related to matters of substance and' consequently, the defendants were, in. the language of the statute,u taken by surprise
Amendment j’nsertfn?‘itf ^e0s^n weaHh'of11" Kentucky, or matter'ofaub'-stance and entitles def’t. to contmu-anee.
Denny, for plaintiff; T. Crittenden, for defendant,
In the case of Watts vs. M’Kinney, I. Marshall, 561, this court decided, that “an amendment, which brings into the cause-, at the time it is made, new substantive matter, essential to the demand or defence, entities the party adverse thereto, to a continuance.”
We are, therefore, of opinion, that the'cause ought to have been continued at the costs of the plaintiffs In the circuit court. >
Wherefore, the judgment must be reversed, with costs, and cause remanded for further proceedings,, to be had in accordance with this opinion.